IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA LAPRADD BREWER, #172 661, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: 1:14-CV-925-MHT ) [WO] |
| DALE COUNTY JAIL, *et al.*, | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action on September 5, 2014. She complains that Defendants failed to provide her with constitutionally adequate medical and mental health care and treatment during her incarceration at the Dale County Jail in Ozark, Alabama. Among the named defendants is the Dale County Jail. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Dale County Jail prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

The Dale County Jail is not a legal entity and is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The court, therefore, concludes that Plaintiff's claims against this defendant should be dismissed. *Id.* Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Dale County Jail be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Dale County Jail be DISMISSED as a party to this complaint; and

3.  This case with respect to the remaining defendants be referred to the undersigned for additional proceedings.

It is further

ORDERED that on or before **October 28, 2014**, Plaintiff may file an objections to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 14th day of October, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE