IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA LAPRADD BREWER, ) | |
| #172 661, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:14-CV-925-MHT |
| ) | [WO] |
| WALLY OSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Plaintiff complains that she was denied constitutionally adequate medical care and treatment while incarcerated at the Dale County Jail in Ozark, Alabama.[1] Plaintiff names Wally Olson, Harvey McLeod, and Carol Alexander as defendants.[2] She seeks damages for the alleged violations of her constitutional rights and request that the Dale County Jail be reprimanded.  *Doc. No. 1*.

Defendants filed an answer, special report, and supporting evidentiary materials addressing Plaintiff's claims for relief.  In these documents, Defendants argue that this case is due to be dismissed because, prior to filing this cause of action, Plaintiff failed to exhaust an administrative remedy available to her at the Dale County Jail regarding the claims in the

---

[1] At the time she filed her complaint, Plaintiff was incarcerated at the Tutwiler Prison for Women.

[2] Plaintiff identified these defendants in her complaint as Wally "Oson," Officer "McCloud," and Officer Carol. Plaintiff also named "Connie A. Challer Sellers" as a defendant. On December 5, 2014, the court granted Defendants' motion to quash service of process on this individual as Defendants affirmed no one was employed at either the Dale County Jail or the Dale County Sheriff's Department with the name "Connie A. Challer Sellers." *See Doc. Nos. 28, 29*. Plaintiff was granted an opportunity to furnish the clerk's office with the correct address for "Connie A. Challer Sellers" but she failed to do so. *See* Rule 4(m), *Federal Rules of Civil Procedure*.

1

complaint. *Doc. No. 37* at 8-9. Defendants base their exhaustion defense on Plaintiff's failure to file a grievance regarding the claims in this action. *Id*.

On January 26, 2015, the court provided Plaintiff an opportunity to file a response to Defendants' report in which she was advised to "specifically address Defendants' assertion[] that ... [h]er claims are due to be dismissed because she failed to exhaust her available administrative remedies as required by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action. *Doc. No. 39* at 1 (footnote omitted). Pursuant to her request, Plaintiff was granted an extension to file a response. *Doc. Nos. 42, 43*. Plaintiff has filed no response to this order within the time allowed by the court.

"[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, 587 Fed. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant' "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies...."). Therefore, the court will treat Defendants' report as a motion to dismiss.

## II. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e regarding exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v.*

> *Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison ... must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Court has, therefore, determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed. App'x 364, 366 (11th Cir. 2012). The court will "resolve this issue first." *Id*.

"When deciding whether a prisoner has exhausted h[er] remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir.2008) (*citing Bryant*, 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id*. (*citing Bryant*, 530 F.3d at 1373-74, 1376)." *Myles*, 476 Fed. App'x at 366. A district court "may resolve disputed factual

issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See [Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 Fed. App'x at 535.

Upon review of the complaint, Defendants' special report, and the evidentiary materials filed in support thereof, the court concludes that Defendants' motion to dismiss is due to be granted.

### III. DISCUSSION

Plaintiff challenges the provision of medical care she received at the Dale County Jail in April and/or May 2014. Defendants deny Plaintiff's allegations and maintain that this case is subject to dismissal because Plaintiff failed to exhaust the administrative remedy provided at the Dale County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *Doc. No. 37, Olson, Nelson, McLeod, and Alexander Affidavits, Exhs. A-B*.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether

they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325; *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Id*. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. *Id*. at 83-84; *Bryant,* 530 F3d at 1378 (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson*, 418 F.3d at 1157 (inmate who files an untimely grievance or spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has

5

satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 Fed. Appx. 81, 83 (11th Cir. 2012) (per curiam).

It is undisputed that the Dale County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. *Doc. No. 37, Olson, Nelson, McLeod, and Alexander Affidavits, Exh. B*. The grievance procedure allows an inmate to submit grievances to jail personnel regarding matters occurring during their incarceration at the jail. The relevant portion of the grievance procedure reads :

> 1. To ensure quick and effective communication with Jail Staff, an Inmate Request Form is available to you. You may request an Inmate Request Form from Jail Staff Personnel.
>
> 2. Upon receipt of a signed and completed Inmate Request Form, the Jail Administrator or the Jail Supervisor will make the appropriate response (if the request is not frivolous in nature).
>
> 3. The Jail Administrator or the Jail Supervisor will act upon the request based on his/her investigation or knowledge of the situation.
>
> 4. If the Inmate is not satisfied with the action taken on the Inmate Request Form, he/she may appeal in writing up the Chain of Command to the Dale County Sheriff who is the final source of administrative appeal.
>
> 5. You will not be subjected to any adverse action for utilizing the administrative remedy procedures.
>
> 6. Multiple Inmates may not join in signing the same Inmate Request Form. Each Inmate Request Form can be submitted by only one Inmate.
>
> 7. Forms submitted that are illegible and unsigned will be discarded.

*Doc. No. 37, Exh. B*.

The evidentiary materials filed by Defendants demonstrate that Plaintiff failed to exhaust the administrative grievance procedure available at the Dale County Jail. Specifically, Plaintiff filed no grievance regarding the claims made the basis of the instant complaint prior to filing this

case. Plaintiff does not dispute her failure to submit a grievance addressing the medical treatment provided to her in April and/or May 2014 while she was incarcerated at the Dale County Jail.

Based on the evidence in the record, the court finds that Plaintiff failed to exhaust the grievance procedure provided at the Dale County Jail.  Specifically, Plaintiff filed no grievance in accordance with the facility's grievance procedure and has presented nothing to justify her failure to exhaust this administrative remedy. It is likewise clear that access to the grievance procedure ceased prior to Plaintiff's filing this case, and the administrative remedy provided by Defendants is no longer available to her.  Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion to dismiss (*Doc. No. 37*) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to her at the Dale County Jail prior to initiating this cause of action.

2. This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy  available to her at the Dale County Jail.

3. No costs be taxed.

It is further

ORDERED that **on or before June 23, 2015**, the parties may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings in the Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982*).  See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 9th day of June, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE